# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DELAWARE LIFE INSURANCE COMPANY,**

    **Plaintiff,**

v.

**ELIZABETH A. RIEDEL**
as personal representative of
**THE ESTATE OF HERBERT H. SEEFELDT, et al.**

    **Defendants.**

Case No. 19-CV-1717

## STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND ORDER

Plaintiff, Delaware Life Insurance Company ("Plaintiff" or "Delaware Life"), filed a Complaint in Interpleader. (Docket #1.) Plaintiff and Defendants Elizabeth A. Riedel as personal representative of the Estate of Herbert H. Seefeldt, Beverly R. Seefeldt, Richard W. Ball, Bryan J. Ball, Jennifer Ball, and Jonathan Ball (collectively "Defendants"), through counsel, stipulate to the resolution of this action through consent judgment and agree as follows:

1. On or about October 12, 1984, Herbert H. Seefeldt ("Decedent") purchased a variable annuity (the "Policy"), Contract No. 505105100135163 that provided certain death benefits ("Death Benefits").

2. Decedent named Richard W. Ball and Bryan J. Ball as the primary beneficiaries of the Death Benefits.

3. Decedent named Jennifer Ball and Jonathan Ball as the contingent beneficiaries of the Death benefits.

4. Decedent died on or about August 21, 2019.

5. On November 22, 2019, Plaintiff filed this lawsuit. (Docket #1.)

6. Defendants were sent and accepted waivers of service, which have been filed with the Court on January 9, 2020. (Dockets # 5-10.)

7. On December 13, 2019, Defendant Elizabeth A. Riedel, in her capacity as personal representative of the Estate of Herbert H. Seefeldt, filed with the Waukesha County Circuit Court, Case No. 2019PR509, an Agreement and Release executed by Defendants (the "Agreement"). (Exhibit A.)

8. Under the terms of the Agreement, Defendant Beverly R. Seefeldt created the Beverly R. Seefeldt Irrevocable Trust ("the Trust") for the purposes of effectuating Decedent's intent.

9. This Court has subject-matter and personal jurisdiction over the Defendants.

10. The parties agree that deposit of the Death Benefits with the Beverly R. Seefeldt Irrevocable Trust, less $3,000.00 in attorneys' fees, is appropriate to reflect the intentions of the parties to the Agreement. *See United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002)(a consent judgment "is a court order that embodies the terms agreed upon by the parties as a compromise to litigation").

11. The Parties agree that Plaintiff shall withhold $3,000.00 from deposit of the Death Benefits with the Beverly R. Seefeldt Irrevocable Trust as a compromise for Plaintiffs' attorneys fees incurred in this interpleader matter. *See Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008); *Harford Life and Acc. Ins. Co. v. Sabol*, 2010 WL 519725, *3 (E.D. Wis. Feb. 9, 2010).

12. There are no known third parties asserting an interest that may be harmed and a consent judgment is an appropriate commitment of the Court's limited resources under the circumstances.

13. The Defendants individually and collectively agree to release any claims against Plaintiff and its agents and representatives upon the approval of this Consent Judgment and distribution of the Death Benefits proceeds to the Beverly R. Seefeldt Irrevocable Trust.

14. The Defendants individually and collectively further agree to defend and indemnify Plaintiff and its agents and representatives if an individual subsequently asserts an interest in or right to the proceeds of the Death Benefits.

Now, therefore, upon consideration of the record herein, and as agreed to by all parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order, and being fully advised in the premises, it is **ORDERED** that:

- A. The Court hereby revokes the primary and contingent beneficiary designations named on the Policy and determines the primary beneficiary to now be the Trust.
- B. Plaintiff shall distribute to the Trust upon the presentation to Defendant of in-good-order claim paperwork;
- C. Plaintiff shall withhold $3,000.00 from its deposit of the Death Benefits with the Trust as payment of its attorneys' fees incurred in this matter;
- D. Any claims by Defendants, individually and collectively, against Plaintiff and its agents and representatives are released upon the approval of this Consent Judgment and distribution of the Death Benefits proceeds;

3

E.  Defendants, individually and collectively, shall defend and indemnify Plaintiff and its agents and representatives if an individual subsequently asserts an interest in or right to the proceeds of the Death Benefits; and

F.  There is no just reason for delay and as such this Consent Judgment and Order is a final judgment pursuant to Fed. R. Civ. P. 54(b).

Dated at Milwaukee, Wisconsin this 5th day of February, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

The undersigned apply for and consent to the entry of this Consent Judgment and order this 4th day of February, 2020.

| | |
|---|---|
| s/ Jesse R. Dill | s/Thomas C. Hofbauer |
| Jesse R. Dill | Thomas C. Hofbauer |
| WI State Bar No. 1061704 | WI State Bar No.1037284 |
| **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**. | **AXLEY BRYNELSON, LLP** |
| Pabst Boiler House | N20W22961 Watertown Road |
| 1243 North 10th Street | Waukesha, WI 53186 |
| Suite 200 | Telephone: 262.409.2277 |
| Milwaukee, WI 53205 | Facsimile: 262.524.9200 |
| Telephone: 414-239-6400 | THofbauer@axley.com |
| Facsimile: 414-755-8289 | |
| jesse.dill@ogletree.com | ATTORNEYS FOR DEFENDANTS ELIZABETH A. RIEDEL, as personal representative of |
| ATTORNEYS FOR PLAINTIFF DELAWARE LIFE INSURANCE COMPANY | THE ESTATE OF HERBERT H. SEEFELDT, BEVERLY R. SEEFELDT, RICHARD W. BALL, BRYAN J. BALL, JENNIFER BALL, and JONATHAN BALL |